RHODA CHICK *vs.* WILLIAM A. AGNEW & trustee.

One summoned as trustee of a defendant is not chargeable because he was a debtor of the defendant's deceased wife, nor is he any the more chargeable because she assigned the debt to the plaintiff.

CONTRACT. The Lowell Institution for Savings was summoned as trustee of the defendant. It appeared in the Superior Court that Alma H. Chick deposited money with the Institution for Savings and afterwards married the defendant, and died. The plaintiff alleged that the said Alma H. transferred her bank book to her; and the plaintiff claimed the deposit. *Rockwell*, J., discharged the trustee, and the plaintiff appealed.

*R. B. Caverly*, for the plaintiff.

*A. P. Bonney & G. Stevens*, for the trustee.

MORTON, J. The money deposited in the Lowell Institution for Savings by Alma H. Chick, who afterwards married the principal defendant, was her separate property, and upon her death passed to her administrator, unless it had been assigned by her. Her administrator is alone entitled to recover it, and the Institution for Savings does not owe it to her husband, and is not chargeable as his trustee.

The ground taken by the plaintiff that the said Alma H. assigned this claim to her does not help her case. If the alleged assignment to the plaintiff was valid, it is clear that the Institution for Savings does not owe it to the defendant, and cannot be charged as his trustee at the suit of the plaintiff or of any other creditor.

*Exceptions overruled.*